IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCIS INIEKPO, d/b/a FEMA GROUP, | § § § § § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. SA-07-CV-879-XR |
| AVSTAR INTERNATIONAL CORPORATION and GIRI VALLIAPPAN, | § § § § § | |
| *Defendants*. | § | |

### ORDER ON MOTION FOR LEAVE TO FILE AMENDED PLEADING

On this day, the Court considered Defendants' Motion for Leave to File an Amended Pleading (Docket Entry No. 64). Defendant identifies the Motion as "opposed," however, Plaintiff has not filed a response; the deadline to do so having passed. *See* Local Rule CV-7 (W.D. Tex.). Having considered the brief provided by Defendants, the motion is GRANTED. Defendants may file their First Amended Answer to Plaintiff's First Amended Complaint.

### Background

Plaintiff, Francis Iniekpo doing business as Fema Group, is a resident of San Antonio, Texas. He alleges that on December 12, 2006, he entered into a contract with Defendants, Avstar International Corporation and Giri Valliappan, for repair of a commercial aircraft. He contends that Defendants made only a partial payment and owe a balance of $98,622.60. Defendants deny the allegations.

### Procedural History

Iniekpo filed this suit in on October 29, 2007, in this Court before the Honorable Royal

Furguson, U.S. District Court Judge, to which Defendant filed an original answer. The Court granted Plaintiff's motion to amend his complaint, and Plaintiff filed his First Amended Complaint on January 11, 2008. Defendants filed their Answer to the First Amendment Complaint on January 31, 2008. The Court issued a Scheduling Order on March 20, 2008, that set a deadline of July 18, 2008, for the parties to file amended pleadings. The Court granted extensions to the deadline for the parties to file their Alternative Dispute Resolution report and extended the discovery deadline. Defendants' counsel withdrew on October 9, 2009. Trial was scheduled for January 26, 2009, but was cancelled.

Judge Furguson assumed senior status, and the Clerk of the Court transferred the case to the Honorable Xavier Rodriguez, U.S. District Judge, on April 16, 2009. The Court held a status conference, ordered Defendants to obtain counsel, and set the cause for a trial to be held on August 10, 2009. Defendants' current counsel filed an appearance with the Court on July 24, 2009. The Court granted Defendants time to depose the plaintiff, set a new discovery deadline of January 11, 2010, set a deadline of February 22, 2010, for the parties to file dispositive motions, and rescheduled the trial for April 19, 2010.

**Defendants' Motion for Leave**

Defendants seek to amend their answer to include an affirmative defense based on the Statute of Frauds. (Mot. for Leave to File Am. Pleading (Oct. 15, 2009) [Docket Entry No. 64] ("Mot.").) They claim that they moved to amend as soon as it became apparent that the amendment was necessary. (*Id.* ¶ 8.) Specifically, Defendants argue that they did not become aware of the facts upon which Plaintiff based his claim until the completion of his deposition on September 28, 2009. (*Id.*) Defendants argue that refusal to allow the filing will "deprive them of a valid and important

defense." (*Id.* ¶ 7.) Even though Defendants indicate that the motion is "opposed," Plaintiff has provided no response.

**Analysis**

Generally, rule 15(a) governs amendment of the pleadings before trial. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave, and provides that leave should be given "freely . . . when justice so requires." FED. R. CIV. P. 15(a). The Court may consider a variety of factors in exercising its discretion, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Defendants' motion, however, was filed *after* the expiration of the Court-ordered deadline to amend pleadings, and granting Defendants' motion would require a modification of the Court's scheduling order. Consequently, Plaintiff's motion must be made pursuant to rule 16(b).

> Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." [*S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003)] (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). As to post-deadline amendment, a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536). Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *S&W Enters.*, 315 F.3d at 536).

*Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

3

The deadline for filing amended pleadings was July 18, 2008. Defendants explain that they did not become aware of the information that would sustain their defense until the completion of Mr. Iniekpo's deposition on September 28, 2009. The Court, not having a response to evaluate nor finding additional information, is unable to ascertain whether Defendants became or could have become aware of this information to formulate this defense prior to the deposition.[1] Defendants argue that the defense is valid and important to them as it is a defense based in statute.

Defendants further argue that the proposed amendment will not delay prosecution of Plaintiff's claims. The Court notes that discovery is still available to the parties until January 11, 2010, and that dispositive motions are not due until February 22, 2010. The opportunity for Plaintiff to conduct additional discovery with ample time to prepare his case following the amendment leads the Court to find that the Plaintiff will not suffer prejudice from the amendment. Moreover, Plaintiff, in failing to provide a response, has not demonstrated to the Court why an amendment to the answer, with months left for discovery and prior to trial, would cause prejudice.

Avastar and Valliappan, having learned new information via the course of discovery, have shown sufficient good cause to warrant their amended complaint. *Cf. Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 494–95 (E.D. Tex. 2006) (granting leave to amend answer beyond deadline for amended pleadings upon discovery of additional information during discovery). The Court notes that there is no indication of undue delay or bad faith in Defendants' motion for leave to file the amended answer. The amended pleading will not delay proceedings so there is no dilatory motive by Defendants.

---

[1] The Court notes, in reviewing the docket, that multiple scheduling order deadlines have been extended in light of the transfer of the case from Judge Furguson to Judge Rodriguez.

**Conclusion**

For the aforementioned reasons, the Court GRANTS Defendants' motion for leave to file their amended pleading.

It is so ORDERED.

SIGNED this 3rd day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE