IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCIS INIEKPO, d/b/a FEMA GROUP, | § § § § § | |
| *Plaintiff*, | | |
| v. | § | Civil Action No. SA-07-CV-879-XR |
| AVSTAR INTERNATIONAL CORPORATION and GIRI VALLIAPPAN, | § § § § § | |
| *Defendants*. | | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On this day, the Court considered Defendant's Motion for Summary Judgment (Docket Entry No. 67). Having considered the motion, Plaintiff's response, and the available evidence the motion is GRANTED.

**Background**

Plaintiff Francis Iniekpo, doing business as FEMA Group, filed suit against Defendants Avstar International Corporation and Giri Valliappan for breach of contract and quantum meruit. Iniekpo alleges that in October 2006 he began negotiating with Valliappan of Avstar International Corporation to provide maintenance and repairs on an airplane. Iniekpo acknowledges in his complaint that he performed the work without a written contract. He allegedly billed Avstar International Corporation and Valliappan $305,391.54, of which Defendants only paid $206,768.94.

**Procedural History**

Plaintiff filed this suit on October 29, 2007, based on the Court's diversity jurisdiction.[1] The

---

[1] Compl., Oct. 28, 2007 (Docket Entry No. 1).

live pleading in this case is Plaintiff's Second Amended Complaint.[2] Defendant Giri Valliappan moved for summary judgment, arguing that the statute of frauds precludes Iniekpo's allegations against him.[3] Iniekpo has responded that the main purpose doctrine applies to this case, preventing summary judgment.[4]

**Legal Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). The Court reviews all facts in the light most favorable to the non moving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009). However, "a summary assertion made in an affidavit is simply not enough proof to raise a genuine issue of material fact." *Id.* (citing *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993).

---

[2] 2d Am. Compl., Mar. 12, 2008 (Docket Entry No. 20).

[3] Def.'s Mot. for Summ. J. & Mem. in Support, Feb. 18, 2010 (Docket Entry No. 67).

[4] Pl.'s Mot. Resp. to Def.'s Mot. for Summ. J. & Mem. in Support, Mar. 16, 2010 (Docket Entry No. 70).

## Analysis

Iniekpo sued Avstar because he claims it agreed to pay for airplane repairs, and he sued Valliappan based on the allegation that Valliappan personally guaranteed the payment. Valliappan moves for summary judgment on the grounds that the statute of frauds bars Iniekpo's claims against him. In Texas, the statute of frauds requires an agreement to pay for the debts of another to be in writing and signed by the person who guarantees the debt. TEX. BUS. & COM. CODE § 26.01(a), (b)(2) (Vernon 2009); *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 777 (Tex. App.—Houston [1 Dist.] 2009, pet. denied).

In this case, Iniekpo states that no written agreement exists with Avstar and Valliappan. In his deposition, Iniekpo testifies that he filed suit against Valliappan because Valliappan was supposed to personally guarantee Avstar's payment. Dep. of Francis Iniekpo at 25:2–13 (Sept. 28, 2009). Here, Plaintiff admits that no written agreement exists regarding Valliappan's alleged promise to guarantee Avstar's debts to Iniekpo, so the agreement is subject to the statute of frauds.

Iniekpo responds that the main purpose doctrine applies to this case. Under the main purpose doctrine, oral promises to pay the debts of another are "enforceable where the promisor has in effect made the debt his own and has assumed primary responsibility." *Gulf Liquid Fertilizer Co. v. Titus*, 163 Tex. 260, 354 S.W.2d 378, 383 (Tex. 1962); *see also Ludlow v. Deberry*, 959 S.W.2d 265, 274 (Tex. App.—Houston 1997, no pet.).

> In applying the main purpose doctrine, so as to except an oral guaranty from the statute of frauds, the court must look to the consideration that was received for the promise and determine: (a) whether the promisor obtained, as part of that consideration, a benefit accruing directly to him personally; and (b) if so, whether the obtaining of that benefit was his main purpose for making the promise.

*Flo Trend Systems, Inc. v. Allwaste, Inc.*, 948 S.W.2d 4, 9 (Tex. App.—Houston [14 Dist.] 1997, no pet.) (citing *Haas Drilling Co. v. First Nat'l Bank in Dallas*, 456 S.W.2d 886, 891 (Tex.1970)).

Iniekpo argues that Giri Valliappan and his mother Sathyagiri Valliappan were ultimately responsible for all payments. Iniekpo claims in his affidavit that Giri Valliappan initially told him that the bills would be ultimately paid by Valliappan and his father.[5] He further claims that he received payment from Sathyagiri Valliappan. None of the evidence provided creates an issue of fact regarding Giri Valliappan's status. Valliappan's e-mail communication to Iniekpo fails to create a genuine issue of fact that his involvement is beyond that of a representative of Avstar. If anything, Sathyagiri Valliappan's personal communications to Iniekpo would create an issue of fact regarding her status as the person accepting primary responsibility for the payments. As a result, Iniekpo fails to create a material issue of fact to show that Giri Valliappan assumed primary responsibility for the payments of the airplane repairs or maintenance. Therefore, the main purpose doctrine does not apply in this case and the statute of frauds precludes Iniekpo's claims against Giri Vallaippan based on his alleged status as a personal guarantor of Avstar.

---

[5] There is no evidence on summary judgment that Iniekpo communicated with Valliappan's father. Iniekpo communicated with Valliappan and Valliappan's mother, Sathyagiri Valliappan.

## Conclusion

Defendant Giri Valliappan's motion for summary judgment is GRANTED.

It is so ORDERED.

SIGNED this 19th day of March, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE