# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCIS INIEKPO, d/b/a <br> FEMA GROUP, <br><br> *Plaintiff*, <br><br> v. <br><br> AVSTAR INTERNATIONAL <br> CORPORATION and GIRI VALLIAPPAN, <br><br> *Defendants*. | § § § § § § § § § § § § | Civil Action No. SA-07-CV-879-XR |

## ORDER ON MOTION FOR RECONSIDERATION

On this day, the Court considered Plaintiff's Motion to Clarify the Court's Order on Summary Judgment (Docket Entry No. 67). Although styled as a motion to clarify, Plaintiff requests that the Court reconsider its previous order, and alter and amend the order. Having considered the motion, and having reviewed the previous order and evidence provided with the Defendant's motion for summary judgment and Plaintiff's response, the motion is DENIED.

## Background

Plaintiff Francis Iniekpo, doing business as FEMA Group, filed suit against Defendants Avstar International Corporation and Giri Valliappan for breach of contract and quantum meruit. Iniekpo alleges that in October 2006 he began negotiating with Valliappan of Avstar International Corporation to provide maintenance and repairs on an airplane. Iniekpo acknowledges in his complaint that he performed the work without a written contract. He allegedly billed Avstar International Corporation and Valliappan $305,391.54, of which Defendants paid only $206,768.94.

**Procedural History**

On March 19, 2010, the Court issue an order that granted Defendant Giri Valliappan's motion for summary judgment on Plaintiff's claims.[1] Defendant filed his motion, which requests that the Court reconsider its order, on March 23, 2010.[2] The claims for breach of contract and quantum meruit remain against Avstar International Corporation.

**Legal Standard**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. "[W]hen a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Saqui v. Pride Cent. Am., LLC*, -- F.3d ---, 2010 WL 184252 (5th Cir. Jan. 21, 2010) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990)). This Court utilizes the standards of Federal Rule of Civil Procedure 59 to inform its analysis in considering a motion for reconsideration. *Vladmir Ltd. v. Pac. Parts Supply Co.*, No. SA-08-CV-819-XR, 2009 WL 4110288, at *2 (W.D. Tex. Nov. 20, 2009); *see also Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, No. 4:06-CV-292-Y, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009) (looking to Rule 59 as a guide to reconsider an interlocutory order); *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. C-08-309, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) (same); *Sky Techs. LLC v. SAP AG*, No. 2:06-CV-440 (DF), 2008 WL 2775487 (E.D. Tex. July 15, 2008) (same). To prevail on a Rule 59 motion, the movant must show at least one of the

---

[1] Order on Mot. for Summ. J., Mar. 19, 2010 (Docket Entry No. 71). Defendant Avstar International Corporation still remains as a Defendant in this case.

[2] Mot. for Clarification, Mar. 23, 2010 (Docket Entry No. 73).

following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *See* FED. R. CIV. P. 59; *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

**Analysis**

Iniekpo does not articulate the basis upon which basis he moves for reconsideration. He presents no intervening change in controlling law nor any new evidence not previously available. He argues that this "Court has wholly failed to recognize that Plaintiff has a claim individually against Giri Valliappan for Quantum Meruit and the theory of recovery of Quantum Meruit is not covered by the Statute of Frauds . . . ." (Mot. at 1.) The Court will consider Plaintiff's motion as being based on the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.

Defendant Valliappan moved for summary judgment on the grounds that Iniekpo could not establish his claims against him because the claims were premised on the theory that Valliappan had an oral contract in which he would guarantee payments owed by Defendant Avstar International Corporation. Iniekpo's entire response argued that the main purpose doctrine exempted this case from the statute of frauds, and he did not address the quantum meruit claim. To recover under quantum meruit, a plaintiff must prove that "1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Iniekpo failed to present any evidence to create a material issue of fact to demonstrate that he could establish a claim for quantum meruit against Valliappan in light of the

3

Defendant's motion for summary judgment.[3] Defendant's motion provided the Court with competent summary judgment evidence that Iniekpo's claims against Valliappan were premised on Valliappan's promise to guarantee payments for Defendant Avstar International Corporation. Iniekpo provided no evidence to show that his claims for breach of contract or quantum meruit were premised on any other grounds. Consequently, there is no basis for the Court to reconsider its order.

**Conclusion**

Having failed to provide a sufficient basis for the Court to reconsider its order and in reviewing the evidence provided, Plaintiff's motion is DENIED.

It is so ORDERED.

SIGNED this 25th day of March, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's response to the motion for summary judgment quoted heavily from a treatise on the Texas Business & Commerce Code. The Court had granted nearly a two-week extension for Plaintiff to prepare the response. Plaintiff adduced no evidence to show that he could establish a claim for quantum meruit.