## UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCIS INIEKPO D/B/A | § | |
| FEMA GROUP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No.  SA-07-CA-879-XR |
| v. | § | |
| | § | |
| AVSTAR INTERNATIONAL | § | |
| CORPORATION, | § | |
| | § | |
| *Defendant.* | | |

### ORDER ON COSTS AND MOTION FOR ATTORNEY'S FEES

On this day, the Court considered Defendant's Motion for Attorney's Fees and Bill of Costs (Docket Entry No. 101).  Having considered the documents, the relevant authority, counsel's detailed expense sheets, counsel's affidavit, and the relevant statutes and case law, the Court GRANTS IN PART AND DENIES IN PART the bill and application.

### Background

Defendant Avstar International Corporation ("Avstar") entered into a contract with Plaintiff Francis Ineikpo d.b.a. FEMA Group ("Ineikpo") to provide Avstar with airplane maintenance and ferry flight services.  Ineikpo sued Avstar alleging breach of contract and quantum meruit.  Avstar counterclaimed for breach of contract, breach of warranty and Deceptive Trade Practices Act ("DTPA") violations.  After a bench trial, the Court found that Ineikpo had violated the DTPA and Avstar was entitled to statutory damages.  The Court found no violations with regard to any of the other claims.  As the prevailing party, Avstar moved to recover attorney's fees.

### Procedural History

The Court rendered judgment on July 26, 2010 after a bench trial, in which the judge found

Plaintiff had violated the DTPA and awarded Defendant $7,345.00 in damages, tripled by the statute for an intentional violation.

On July 29, 2010, Defendant filed a bill of costs for $5,900.29[1] and an application for attorney's fees in the amount of $43,964.44.[2]  According to the local rules, Plaintiff's date due for objections to be filed is August 13, 2010.[3]  Plaintiff has filed no objection or other response to Defendant's motion and bill of costs.

**Legal Standard**

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party."[4]  28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d).[5]  Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

---

[1]Def.'s Mot. For Attorney's Fees and Bill of Costs, Jul. 29, 2010 (Docket Entry No. 101).

[2]Federal Rule of Civil Procedure 54(d) and Local Rule CV-7(i) establish the Court's deadline and procedures for making a claim for attorney fees.  *See* FED. R. CIV. P. 54(d); L.R. CV-7(i) (W.D. Tex.).  The Court finds that the motion is timely and complies with the requirements of Rule 54 and Local Rule CV-7(i).

[3] L.R. CV-7(i)(2) (W.D. Tex.).

[4]FED. R. CIV. P. 54(d).

[5]*Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987).

2

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[6]

For attorney's fees, an award is governed by the same law that serves as the rule of decision for the substantive issues in the case.[7] Texas law allows an award of attorney's fees if permitted by statute or allowed by contract.[8] The Deceptive Trade Practices Act upon which the Defendant prevailed specifically allows for attorney's fees and costs.[9] The DTPA provides that "[e]ach consumer who prevails shall be awarded court costs and reasonable and necessary attorney's fees."[10]

The Court is responsible for computing reasonable attorney's fees in the light of work performed on the prevailing claim.[11] For DTPA claims, "the reasonableness of the fee claimed must be established by evidence."[12] Addtionally, Texas law requires any party seeking fees "to segregate fees between claims for which they are recoverable and claims for which they are not."[13] The issue of the reasonableness of the attorney's fees awarded is for the court to resolve as factfinder, while

---

[6]28 U.S.C.A. § 1920 (West 2010)

[7]*Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

[8]*Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006)).

[9] TEX. BUS. & COM. CODE § 17.50(d) (Vernon 2005).

[10] *Id.*

[11] *See Chapa*, 212 S.W.3d at 311.

[12] *Streber v. Hunter*, 221 F.3d 701, 739 (5th Cir. 2000) (quoting *Leggett v. Brinson*, 817 S.W.2d 154, 157 (Tex. App.—El Paso 1991, n.w.h.).

[13] *Chapa*, 212 S.W.3d at 311.

the issue of whether fees must be segregated for each claim is a mixed issue of fact and law.[14] As a rule of thumb for the reasonableness of attorney's fees, the Court will use the factor test outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[15]

## Analysis

Defendant has filed both a Bill of Costs as well as an Application for Attorney's Fees.  The Court evaluates them independently.

## I.  Bill of Costs

*1.  Fees for Printed or Electronically Recorded Transcripts*

The Defendant seeks to recover $2,061.08 for the costs of two transcripts for the depositions of Francis Ineikpo (the Plaintiff).[16]  The Court finds this cost reasonable except for the $5.00 delivery fee for Ineikpo's September deposition and the $138.61 late payment fee for his August deposition, which this Court will deduct.[17]  Thus, Avstar will recover $1917.47 for transcript costs.

*2.  Copies*

The Defendant seeks to recover a total of $ 426.21 for copies.[18]  Defendant's counsel affirms

---

[14] *Id*. at 313.

[15] *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000).

[16] Def's Bill of Costs (Ex. A to Def's Mot. for Att. Fees, Jul. 29, 2010 (Docket Entry No. 101)).

[17] *Jones v. White*, No. H-03-2286, 2007 WL 2427976, at *10 (S.D. Tex. Aug. 22, 2007) ("Delivery costs are generally not awarded without additional support in the record."); *Auto Wax Co. v. Mark V Prods., Inc.*, A3:99-CV-0982-M, 2002 WL 265091, at *5 (N.D. Tex. Feb. 22, 2002) ("[28 U.S.C. § 1920] does not specifically allow recovery of courier or messenger costs.").

[18] Def.'s Bill of Costs.

a rate of $0.25 and $0.15 for all copies produced in this case.[19]  Copy rates of $0.25 per page have been deemed reasonable.[20]  All of Avstar's copying fees are itemized and including in billing record. The Court notes that the bulk of the copying charges are associated with the bench trial and depositions.  Therefore, the Court deems reasonable the necessity of these copies and the reasonableness of the charges for them.[21]

*3. Witnesses*

Avstar also seeks $3413.00 for fees for witnesses.[22]  Necessary expenses for witnesses who appear at trial, including fees and travel expenses, are permissible.[23]  A court may assess costs for journeys of more than 100 miles if there are special circumstances justifying the presence of the witnesses at trial.[24]  In this case, Avstar's requested amount includes $1,145 in costs for Avstar's principal and former defendant, Mr. Villiappan, to attend a pre-trial conference.[25]  As there is no

---

[19]Aff. of Ron A. Sprague, Jul. 29, 2010 (Ex. B to Def.'s Mot. for Att. Fees).

[20]*Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881, at *4 (W.D. Tex. Sept. 9, 2005); *see also Zenith Elect. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366, 2004 WL 1631676, at *4 (N.D. Ill. July 19, 2004) (finding copy rate of $0.20 reasonable).

[21]*Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) ("Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation.").  Included in this category are copies made as part of discovery and the copies of documents filed with the court.  *NLFC, Inc., v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 762–63 (N.D. Ill. 1996).  Extra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs.  *Id*. at 763; s*ee also Haroco, Inc. v. American Nat'l Bank & Trust*, 38 F.3d 1429, 1441 (7th Cir.1994).

[22]Def.'s Bill of Costs.

[23]28 U.S.C. § 1920(3); 28 U.S.C. § 1821; *Holmes*, 11 F.3d at 65.

[24]*Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1551–52 (5th Cir. 1984).

[25]Def.'s Bill of Costs.

authorization under 28 U.S.C. § 1821 for the travel or other expenses of anyone besides witnesses, the Court does not find taxable the costs associated with Mr. Villiappan's attendance at the pre-trial conference.[26]  Mr. Villiappan was not a witness at the pre-trial conference, nor does Avstar allege that he was to testify there.  The Court will therefore deduct these costs from Avstar's bill.

*4.  Summary of Costs to be Taxed*

The Clerk is ORDERED to tax costs in favor of Defendant and against Plaintiff as follows: (1) $1917.47 in fees for transcripts necessarily obtained for use in the case; (2) $426.21 in copy expenses; and (3) $2268.00 in fees for witnesses,[27] for a total of $4,611.68.

**II. Attorney's Fees**

Defendant also seeks to recover reasonable attorney's fees, requesting an amount of $43,964.44, based upon Defendant's own calculations.[28]  This calculation includes a billing rate of $200.00 hourly for lawyers at Gendry & Sprague and $75.00 hourly for paralegals.[29]  Avstar also includes the billing rates of prior counsel, Slack & Davis. The rates at that firm are $500.00 hourly for partners, $275.00 hourly for associates, and $100.00 hourly for paralegals.[30]

In assessing an award of attorney's fees, the Court considers the following factors: (1)

---

[26]*See* 28 U.S.C. § 1821; *cf. Nissho-Iwai*, 729 F.2d at 1551-52 (not even the costs of all testifying witness are justified).

[27]This is the cost for witnesses according to Avstar ($3413.00) less the witness expenses for Mr. Villiappan's attendance at the pre-trial conference ($1145.00).

[28]Attorney Billing Summary (Ex. C. Att. 4 to Def.'s Mot. for Att. Fees).  This figure includes attorney's fees charged by Avstar's prior counsel.

[29]Aff. of Ron A. Sprague.

[30]*Id.*

time and labor required for litigation; (2) the novelty of the case; (3) the skill required to perform

the legal services properly; (4) the preclusion of other employment by the attorney due to

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

limitations imposed by the client or the circumstances; (8) the amount involved in the result

obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of

the case; (11) the nature and length of the professional relationship with the client; and (12)

awards in similar cases.[31]  These factors are comparable to those laid out by the Texas Supreme

Court, and this Court may rely on them when determining attorney's fees under Texas law which

governs in this diversity case.[32]

The DTPA claim overall does not present any extremely complex or novel issues, impose

harsh time constraints, or require unique litigation skills.  Therefore, the Court deems an average

hourly rate appropriate in this case.  Avstar's time sheets present attorney billing rates at the

average for their respective hours.[33]  Gendry & Sprague's highest billing rate was $200.00 per

---

[31]*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974).

[32]*Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) ("Because Texas courts engage in similar analysis, it is not necessary to decide whether the *Johnson* factors control in Texas diversity cases.").  In *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors: (1) the time and labor required and difficulty of legal questions involved, (2) the likelihood that accepting the case will preclude other employment by the lawyer, (3) the customary fee, (4) the amount involved and the results obtained, (5) the time limitations imposed by the client or the circumstances, (6) the nature and length of lawyer-client relationship, (7) the expertise, reputation, and ability of the lawyers, and (8) whether the fee is fixed or contingent.

[33]Attorney Billing Summary*;see* State Bar of Texas: Dept. of Research & Analysis, Hourly Rates in 2005 Report (Sep. 21, 2006).

hour for Mr. Sprague, which is average for attorneys in the San Antonio area.[34]  Avstar's original attorney, Slack & Davis, charged a rate of $275.00 per hour for Justin Townsend, the main attorney working on the case, and $500.00 per hour for the time the firm's partner spent reviewing the initial pleadings.[35]  These rates exceed the average billing rate for the Austin area, which is $250.00 per hour.[36]  Thus, the Court will reduce the hours charged at these rates to the average Austin rate and deduct accordingly from the attorney's fees.[37]

Additionally, the general rule is that attorneys' fees must be segregated between those claims for which the fees are recoverable and those for which they are not.[38]  There is an exception to this rule when the claims arise out of the same transaction and are "so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts.'"[39]  The Texas Supreme Court also has conceded that "many if not most legal fees in such cases cannot and need not be precisely allocated to one claim or the other" when the services involved in preparing one claim would still be incurred in preparing the other.[40]

Attorneys' fees are not recoverable for any claims outside the DTPA claim upon which

---

[34]*Id.*

[35]*Id.*

[36]*See* Hourly Rates in 2005 at 26.

[37]Mr. Townsend billed 18.9 hours at the $275 rate, for a total of $5197.50. At a $250 rate, this is $4725.00.  The total reduction for his hours then is $472.50.  Mr. Slack billed 0.5 hours at the $500 rate, for a total of $250.00.  At the $250 rate, this is $125.00.  The total reduction for both Mr. Townsend and Mr. Slack is $597.50, which the Court shall deduct from the attorney's fee award.

[38] *Chapa*, 212 S.W.3d at 311.

[39] *Id.*

[40] *Id.* at 313.

Avstar prevailed.[41]  It is thus necessary to segregate the fees charged for the work done on the

DTPA claim and the work done on the other claims in the lawsuit. The Court's review of the

record reveals that most of the legal work listed by Avstar's counsel relates to general research,

research for discovery, and preparation for trial, rather than specifically for the DTPA claim.

However, in the words of the Texas Supreme Court in *Chapa*,

> Requests for standard disclosures, proof of background facts, depositions of the
> primary actors, discovery motions, and hearings, *voir dire* of the jury, and a host
> of other services may be necessary whether a claim is filed alone or with others.[42]

The *Chapa* court concluded that this type of general legal work applicable to all claims in a given

case does not have to be segregated by the attorney seeking fees.  The legal work Avstar listed in

its supporting documentation is exactly this type of general work: research on Federal Aviation

Administration regulations, contacting the San Antonio Airport where the events took place,

deposing Mr. Ineikpo, and so on.[43]  Defendant would have had to undertake such work in order to

prove a DTPA claim against Mr. Ineikpo or in order to defend against his claims. This also

applies to the work conducted by the Defendant's prior counsel, Slack & Davis, who initially

brought the DTPA claim in an answer to the Plaintiff's complaint.[44]

The only exception to the Court's finding that the legal work at issue was necessary for

the DTPA claim is that listed as review and defense of the motion for sanctions filed by

Plaintiff's attorney.  The Court recognizes that Plaintiff's attorney was entirely improper in filing

---

[41]*See id.*

[42] *Id.*

[43]*See* Attorney's Fees and Copy Costs (Ex. C Att. 3 to Def.'s Mot. for Att. Fees).

[44]*See id.*

a motion for sanctions.[45]  The motion for sanctions is also unrelated to the successful DTPA

claim.  Thus, the Court has deducted those charges of $1720 from the attorney's fee award.[46]

**Conclusion**

The Court finds the requested costs and fees, as modified, are reasonable.  It is therefore

ORDERED that Defendant is awarded $4,611.68 in costs, and $41,646.94 in attorney's fees.

It is so ORDERED.

SIGNED this 30th day of September, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[45]*See* Order on Mot. for Sanctions, Sep. 10, 2009 (Docket Entry No. 62).

[46]According to Mr. Sprague's billing, he spent 1.8 hours working on the motion for sanctions issue in August 2009 and 6.8 hours in September 2009.  At $200.00 hourly, he charged $1720.00 for this work, which shall be deducted from the attorney's fees award.